IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Package Concepts & Materials, Inc., | ) | |
| | ) | C.A. No. 6:05-1184-HMH |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| JIF-PAK, Neil Mintz, and Marcus | ) | |
| Mintz, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Jif-Pak Manufacturing, Inc. ("Jif-Pak"), Neil Mintz,

and Marcus Mintz's (collectively "defendants") motion to dismiss for lack of personal

jurisdiction, failure to join an indispensable party, and lack of subject matter jurisdiction.

After Package Concepts & Materials, Inc. ("PCM") filed its response to the defendants'

motion on September 12, 2005, the defendants filed their reply on September 22, 2005, in

which they asserted, "The Southern District of California is the best forum for this action, as

there is no disagreement about personal jurisdiction over any of Neil or Marcus Mintz or Jif-

Pak and no resulting problems with subject matter jurisdiction." (Defs.' Reply Pl.'s Mem.

Opp'n Mot. Dismiss 9.)  Accordingly, Neil and Marcus Mintz requested "that the Court

dismiss this case or use its discretion in transferring this case under 28 U.S.C. § 1404." (Id.)

A court need not rule on a pending motion to dismiss for lack of personal jurisdiction

if the court's decision to transfer the case renders the motion to dismiss moot. See, e.g.,

Johnson v. Ford Motor Co., No. 2:04-1311, 2005 WL 2353469, at *5 (S.D. W.Va. Sept. 26,

2005); Sassy, Inc. v. Berry, No. 04-C-7219, 2005 WL 1766376, at *2 (N.D. Ill. July 21,

1

2005).  Moreover, a court may transfer a case sua sponte, but it must give the parties the

opportunity to be heard before rendering its decision.  <u>Feller v. Brock</u>, 802 F.2d 722, 729 n.7

(4th Cir. 1986).

      Transferring this case pursuant to 28 U.S.C. § 1404(a) may be appropriate and may

serve the interests of justice, be more convenient to the parties and witnesses, and provide

easier access to the sources of proof.  Although not raised by the parties, transfer pursuant to

28 U.S.C. § 1406 may also be appropriate.  As the Mintzs' requested that the court transfer

the case in their reply, PCM has not yet had the opportunity to respond.  PCM is ordered to

brief the court concerning its position regarding a transfer of this case to the Southern District

of California under either 28 U.S.C. § 1404 or § 1406 within fifteen (15) days from the date

of this order.  The defendants are ordered to reply within ten (10) days  of PCM's response.

      **IT IS SO ORDERED**.

                      s/ Henry M. Herlong, Jr.
                      United States District Judge

Greenville, South Carolina
October 4, 2005